**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**


**RAFAEL BAILEY**                                                                                  **PLAINTIFF**


**VS.**                                           **CIVIL ACTION NO. 2:20-cv-16-KS-MTP**


**FORREST COUNTY, MISSISSIPPI**                                              **DEFENDANT**


**FORREST COUNTY, MISSISSIPPI'S
MEMORANDUM OF AUTHORITIES IN
<u>SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

Comes now, Forrest County, Mississippi, by and through counsel, and respectfully submit their Memorandum of Authorities in Support of Motion for Summary Judgment. In support of the same, the moving defendants would show unto the Court as follows:

<u>**INTRODUCTION**</u>

Plaintiff's claims arise out of his employment with the Forrest County Sheriff's Department ("FCSO"). More specifically, Plaintiff alleges that the County took an adverse action against him following his military deployment in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").

For all the reasons outlined herein, movants are entitled to summary judgment and a dismissal of all claims against them.

<u>**FACTUAL BACKGROUND**</u>

Plaintiff has been a member of the Army on and off for approximately sixteen (16) years and has been employed with various units in many different capacities during his military tenure. *Rafael Bailey Depo.*, 13-14-15:1-15. Plaintiff was hired by FCSO as a full-time employee in October of 2010. *Id*. at 18.

During Plaintiff's ten (10) year employment with the County, he has always been employed in some capacity by the military. *Id*. at 17-2-19. The County accommodated Plaintiff's employment by giving him fifteen (15) military days a year and compensatory time, which allowed Plaintiff to attend drill once a month on a Friday, Saturday and Sunday in addition to his yearly drill that lasted approximately (2) weeks. *Id*. at 19:6-25-20:1-12. Plaintiff was also given time off by Forrest County to attend career development school in order to be promoted to a higher position in the military. *Id*. at 20:19-25-21:1-8. Additionally, Plaintiff was allowed time off to attend a hearing with the Army to refute allegations against him for drug use and failing to attend drill. *Id*. at 22:6-25-23:1-24; *Bailey Personnel File*, at *CLT-(BAILEY)- 000209-216*.

Plaintiff began his employment with the FCSO as a correctional officer and moved up to a patrolman by 2013 *Id*. at 18. In February 2014, he was "recruited" or "requested" by Toby Schwartz, the group supervisor in High Intensity Drug Task Force ("HIDTA") and Danny Comeaux, the resident agent in charge at the time to join HIDTA. *Id*. at 32:6-20, 33:3-6, 33:24-25-34:1-5. The agents interviewed Plaintiff and he was ultimately selected. *Id*. at 33:21-23. From that point, Plaintiff was assigned to HIDTA where he remained until 2018. *Id*. at 18:22-25-19:1-5, 32:3-5; *Steve Riley Aff.* ¶ 3.

2

Plaintiff worked as a dual agent for HIDTA and as an officer for metro narcotics. *Id*. at 27:6-23. Metro officers are regional narcotics officers that consist of multiple agencies including Forrest County Sheriff's Dept, City of Hattiesburg Police Dept, Perry County Sheriff's Department, etc. *Id*. at 27:16-23, 29:24-25-30:1. Metro agents would investigate narcotic crimes including identifying local drug dealers. *Id*. at 28:21-25. HIDTA officers would work for the DEA and follow the local leads to dismantle criminal organizations and drug trafficking on the national level. *Id*. at 31:7-16. These officers work hand-in-hand with HIDTA officers who take local leads and follow up with them across state or country lines to Louisiana, Mexico, California, *etc. Id*. at 28:16-18, 31:7-16. In fact, officers of both agencies are in the same building. *Id*. at 28:19-20.

Plaintiff worked under a variety of Group Supervisors during his four (4) year tenure with HIDTA and was, at the time, the only dual agent for Forrest County as the County only has one (1) available HIDTA spot. *Id*. at 30:5-25-31:1, 34-36. By November 2017, Steve Riley ("GS Riley") had become Plaintiff's new group supervisor. *Id*. at 34-36. Plaintiff was involved in many incidents that went against the HIDTA/DEA policies and procedures and GS Riley had to counsel Plaintiff about these incidents on numerous occasions. *Steve Riley Aff.; Bailey Personnel File*, at *CLT-(BAILEY)*-00253.

In early 2018, Plaintiff was informed that he would be deployed for approximately a year and a half or eighteen (18) months. *Id*. at 26:1-13. Plaintiff left Forrest County's employment in January 2018[1] to mobilize and was ultimately deployed to Kuwait in

---

[1] Though Bailey testifies he left FCSO in January, he actually left on March 27, 2018. *CLT-(BAILEY)*-000258.

April or May of 2018. *Id.* at 25:10-25, 26:14-22. During the time period between mobilization and deployment, Plaintiff had a heated verbal discussion with his supervisor, GS Riley. *Id.* at 40-43:1-10. The phone call involved Riley's decision not to give specific overtime to agents. *Id.* GS Riley states the phone call involved an arrest that had occurred without Plaintiff's presence. *Steve Riley Aff.* Regardless, GS Riley and Plaintiff both admit that Plaintiff became upset and began cursing at GS Riley, who then counseled Plaintiff about his insubordination and attitude. *Id*; *Rafael Bailey Depo.*, p. 40-43:1-10. This was the proverbial tipping point for GS Riley and the HIDTA task force. *Steve Riley Aff.*

Once Plaintiff was deployed to Kuwait, he was informed by GS Riley via email that Jeremy "Seth" Brewer would be taking the HIDTA position for a one (1) year term. *Steve Riley Email*; *Steve Riley Aff.* The Forrest County HIDTA position needed to be filled at all times to maintain funding for the position. *Steve Riley Aff.*; *Rafael Bailey Depo*, p. 48:14-24.

On October 12, 2018, Plaintiff returned home earlier than expected for medical reasons and did not finish his full eighteen (18) month deployment. *Rafael Bailey Depo.*, p. 49:16-25-50:1-6; *Bailey Personnel File*, at *CLT-(BAILEY)-000001-000009*. Plaintiff informed Sheriff McGee and Investigator Phillip Hendricks[2] of his return. *Id.* at 50:12-21, 54:4-9. Hendricks told Plaintiff at that time that GS Riley had no intentions of having him back on HIDTA. *Id.* at 54:4-16.

---

[2] Hendricks was the Commander of Metro Narcotics prior to Plaintiff's deployment, however was moved to head of investigations in the interim when Bailey was deployed. *CLT-(BAILEY)-000285.*

Prior to Plaintiff returning to work, a meeting was held on October 25, 2018 between Plaintiff, GS Riley, Assistant Agent in Charge (ASAC) James Derryle Smith[3], and Sheriff Billy McGee. *Steve Riley Aff.*, ¶ 6; *Billy McGee Aff.*, ¶ 6. During that meeting, Plaintiff was informed that he would not be returning to HIDTA **per GS Riley and ASAC Smith's request**. *Id*. Plaintiff admits that GS Riley and ASAC Smith wanted to go in a "new direction." *Rafael Bailey Depo.*, p. 58:9-16. Plaintiff was asked to return his HIDTA equipment and credentials. *Steve Riley Aff.*, ¶ 6.

In spite of the above, the Sheriff McGee offered Plaintiff employment with the Forrest County Sheriff's Department. *Bailey Personnel File*, at *(CLT)-BAILEY-000253*. Plaintiff was originally given a position in patrol, as the Sheriff's Office was understaffed in that area. *Id*. *Sheriff McGee Aff.*, ¶ 8. Phillip Hendricks had recently moved from the Metro Narcotics Division to Chief Investigator. *Id*; *Bailey Personnel File*, at *CLT-(BAILEY)-000285*. Nate Robertson moved from Patrol to Metro Narcotics. *Bailey Personnel File*, at *CLT-(BAILEY)-000253, 000286*. Mike Harris, who was also in patrol, had recently been moved to an investigations position. *Id.* at *CLT-(BAILEY)-000253, 000283-284*. Jaron Guy was sent to the police academy to fill Nate Robertson's position in the patrol division. *Id.* at *CLT-(BAILEY)-000283*.

Sometime after Plaintiff was placed in the patrol division, Sheirff McGee was contacted by an Employer Support of Guards and Reservists ("ESGR"), who informed him of certain laws applying to military personnel. *Billy McGee Aff.*, ¶ 9.  The ESGR told

---

[3] ASAC Smith was GS Riley's supervisor. *Steve Riley Aff.*

Sheriff McGee that Plaintiff wanted to be on Metro, however no spot was available and GS Riley had just told Sheriff McGee he did not want Bailey. Id., ¶ 7, 9. As such, the ESGR stated Bailey also wanted to be placed in Investigations. *Id. Bailey Personnel File*, at *CLT-(BAILEY)*-000253.

Therefore, Mike Rials asked Plaintiff if he would stay in patrol until Jaron Guy returned from the police academy and he would then be put in the Investigations division. *Id.* Plaintiff agreed and worked in the patrol division from approximately October 29, 2018 until December 10, 2018. *Bailey Personnel File*, at *CLT-(BAILEY)*-000259, 000271, 000274. Plaintiff was given the same salary as when he worked for HIDTA and Metro. *Id*. at *CLT-(BAILEY)*-000271; *Rafael Bailey Deposition*, p. 62:25-63:1-8.

Bailey was moved to Investigations Division for the Forrest County Sheriff's Office in late 2018 per his request. An investigator in the Sheriff's Office and a Metro Narcotics officer are essentially the same position; however, Metro narcotic officers investigate drug crimes and the investigations division investigates all other crimes. *Sheriff McGee Aff.*, ¶ 11. Currently, Plaintiff is employed with the Mississippi National Guard as a staff sergeant and an instructor at Camp Shelby. *Id*. at 13:10-23.

## STANDARD OF REVIEW

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The United States Supreme Court has explained that the language of Fed. R. Civ.

P. 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact...." *Harris v. Mississippi Valley State Univ.*, 899 F. Supp. 1561 (N.D. Miss. 1995)(citing *Celotex*, 477 U.S. at 324).

Once a properly supported Motion for Summary Judgment is presented, the nonmoving party must rebut it with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). The non-moving party cannot rely on mere denial of material facts or unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda; rather, the non-movant "must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg 7 Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Here, the movant is entitled to summary judgment as a matter of law.

## CLAIMS

Plaintiffs alleges claims for violating the Uniformed Services Employment and Reemployment Act ("USERRA") pursuant to 38 U.S.C.A. § 4301, *et seq.* by denying him

7

benefits of employment, changing his duties, refusing to reemploy him to the same position, and reducing his pay and benefits of employment.

## **ARGUMENT**

## I.     **FORREST COUNTY DID NOT HAVE CONTROL OVER EMPLOYMENT**

First, Plaintiff states that the County did not reemploy him to his former position on the HIDTA task force. Despite this claim, Forrest County had no control over whether Plaintiff was placed back on the HIDTA task force as they were not the "employer" over that position. "[T]he term "employer" means any person, institution, organization, or other entity that pays salary or wages for work performed or that **has control over employment opportunities**, including a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities. 38 U.S.C.A. § 4303(emphasis added).

Here, Forrest County was not the employer that did not return Plaintiff to his desired position on the HIDTA task force. Forrest County hired Plaintiff in 2010 as Forrest County Deputy; however, once Plaintiff was placed on the HIDTA task force in February of 2014, he was under the "direct supervision and control of the DEA supervisory personnel assigned to the task force." *Bailey Personnel File*, at *CLT-(BAILEY)*-000136, ¶ 4. Essentially, while Plaintiff remained in his role as a HIDTA officer, he was under the direct supervision and control of the DEA.

This is conclusively shown in the steps that are taken when local officers are chosen to be on the HIDTA task force. More specifically, the DEA Supervisors have the authority to affirm or deny the appointment of local officers, **not** the Forrest County

Sheriff. *Steve Riley Aff.*  In fact, Plaintiff admits that when he was initially chosen to be on the HIDTA task force in 2014, he was interviewed by GS Toby Schwartz[4] and ASAC Danny Comeaux and ultimately selected by them. *Rafael Bailey Depo.*, 33:21-23.

Additionally, the DEA Supervisors have the power to remove officers from the task force, which is precisely what occurred with Plaintiff. *Bailey Personnel File*, at *CLT-(BAILEY)-000136*, ¶ 4. GS Riley and ASAV Smith had an in-person meeting with Plaintiff and the Sheriff. *Steve Riley Aff.*   This meeting was held to specifically tell the Sheriff and Plaintiff that Plaintiff was not coming back to the HIDTA task force per the DEA Supervisors' request. *Id*. Since Plaintiff was essentially removed from HIDTA, Forrest County had no control over placing Plaintiff back on the task force. Plaintiff admits that "other people had mentioned for [GS Riley] to take [Bailey] back" and GS Riley told them no. *Rafael Bailey Depo.*, p. 69:1-9. Thus, while the Plaintiff blames Sheriff McGee for not returning him to HIDTA, Plaintiff clearly knows that it is GS Riley who will not have him back.

Put simply, even if Forrest County wanted to give Plaintiff his position back on the HIDTA task force, they simply could not as they have no authority to formally approve a HIDTA candidate. Particularly, Forrest County has no authority to place an officer on the task force AFTER DEA Supervisors asked for him not to return. Inasmuch as Forrest County has no control over Plaintiff's prior position on the HIDTA task force, they are not in violation of USERRA.

---

[4] GS John Toby Schwartz

## II.     38 U.S.C. § 4311 - LEGITIMATE NON-DISCRIMINATORY REASON

USERRA states that a service member "shall not be denied ... reemployment, retention in employment…or any benefit of employment" because of the person's military service. 38 U.S.C. § 4311(a). An employer violates this prohibition when "membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor" in an employment decision. § 4311(c)(1).

"A Department of Labor regulation states that a plaintiff 'has the burden of proving that a status of activity protected by USERRA was one of the reasons' for the **employer's decision**." 20 C.F.R. § 1002.22 (emphasis added). The USSC has held that a "motivating factor" is if the supervisor performs an act motivated by antimilitary animus that is intended by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable under USERRA. *Staub v. Proctor Hosp.*, 131 S.Ct. 1186, 1194, 179 L.Ed.2d 144 (2011). *Bradberry v. Jefferson Cty., Tex.*, 732 F.3d 540, 551 (5th Cir. 2013). The employer, though, is not liable under USERRA if it "can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service." 38 U.S.C. § 4311(c)(1); *Cain v. Exxon Mobil Corp.*, 400 F. Supp. 3d 514, 525 (M.D. La. 2019).

First, as stated above, Forrest County had no authority to place Plaintiff back on the HIDTA task force since they had no authority to do the same. *See*, Sec. I. Despite being unable to place Plaintiff back in that position, Forrest County *immediately* reemployed

Plaintiff and Plaintiff started work on his requested date. *Rafael Bailey Depo.*, p. 51:3-6; *Bailey Personnel File*, at *CLT-(BAILEY)*-000052.

Notably, during Plaintiff's employment with the County he has always been employed in some capacity by the military. *Id.* at 17-2-19. The County accommodated Plaintiff during his employment by giving him fifteen (15) military days a year and compensatory time, which allowed Plaintiff to attend drill once a month on a Friday, Saturday and Sunday in addition to his yearly drill that lasted approximately (2) weeks. *Id.* at 19:6-25-20:1-12. Plaintiff was also allowed time off his Forrest County duties (when applicable) to attend career development school to be promoted to a higher position in the military. *Id.* at 20:19-25-21:1-8. Additionally, Plaintiff was allowed time off to attend a hearing with the Army to refute allegations against him for drug use and failing to attend drill. *Id.* at 22:6-25-23:1-24; *Bailey Personnel File*, at *CLT-(BAILEY)*- 000209-216. There is nothing in Plaintiff's testimony that would indicate that the County had any animus towards Plaintiff's military career. To the contrary, the County wholly accepted Plaintiff's status and has policies, such as military leave, to protect those in the armed services.

Next, Plaintiff was removed from the HIDTA task force for a legitimate non-discriminatory reason by DEA Supervisors and would have been removed despite Plaintiff's deployment. Plaintiff violated multiple policies of the HIDTA task force agreement on numerous occasions. *Steve Riley Aff.* Per the agreement between the DEA and Forrest County Sheriff's Department, an assigned officer shall adhere to all DEA policies and procedures. *Bailey Personnel File*, at *CLT-(BAILEY)*-000136. An officer's failure to adhere to the DEA policies and procedures "shall be grounds for dismissal from the

task force." *Id*. ¶ 3. According to GS Riley, Plaintiff was repeatedly counseled for these violations. *Id*. Despite being warned, Plaintiff continued with his insubordination.

In March 2018, after Plaintiff had taken leave from FCSO for active military duty, he called GS Riley and began cursing at his supervisor about an arrest that had occurred without Plaintiff's presence. *Steve Riley Aff*. The impropriety of this phone call is given further credence when Plaintiff testified, he was interviewed by the new Forrest County Sheriff, Sheriff Charlie Sims, and asked was there any reason GS Riley would not have him back. *Id*. at 89:1-11. Plaintiff states GS Riley "would probably say that he's upset with a phone call" clearly evincing that Plaintiff knew that GS Riley was dissatisfied with him after the phone call during mobilization. *Id*., 89:14-16.

Additionally, immediately after the phone call, GS Riley described the conversation to Phillip Hendricks, the Commander of the Metro police at the time. *Phillip Hendricks Aff.*, ¶ 4.  GS Riley told Hendricks that he was not having Bailey back after the same. *Id*. Plaintiff was later told by Phillip Hendricks that GS Riley did not want him back based on his behavior[5]. *Id*; *Rafael Bailey Depo*., p. 54:4-16. Thus, it is clear from the record that Plaintiff was not coming back to HIDTA regardless of his deployment based on his conduct and actions.

Simply put, Plaintiff was prohibited by the DEA from returning to his former position based on his actions prior to and during his military leave. Plaintiff's removal

---

[5] Plaintiff states Phillip "speculated" about why GS Riley did not want him back, however Phillip had personal knowledge of GS Riley's intentions and reasons for the same, because he personally spoke with GS Riley immediately after the phone call occurred. *Phillip Hendricks Aff.*, ¶ 4; *Rafael Bailey Depo*., p. 1-7.

would have been imminent, despite his deployment. Furthermore, this decision was effectuated by DEA supervisors, not Forrest County employees.

III.   **38 U.S.C. § 4312 & 4313 - PLAINTIFF WAS EMPLOYED IN A POSITION OF LIKE SENIORITY, STATUS AND PAY**

In addition to his position on HIDTA, Plaintiff states that he was also considered a Metro officer. *Rafael Bailey Depo.*, p. 27:10-15. Metro and HIDTA officers work together as narcotic investigators and, in fact, work in the same building. *Id.* at 28:16-20.

As noted, once Plaintiff returned from deployment, he immediately returned to Forrest County Sheriff's Office and began work. At the time, Plaintiff was offered a position in the patrol division for a brief interim so Forrest County could accommodate Plaintiff as his return was sudden and unforeseen. More specifically, Plaintiff was not expected to return to Forrest County's employment until April 2019, however Plaintiff was discharged early due to medical reasons on October 12, 2018. *Bailey Personnel File*, at *CLT-(BAILEY)-000001-000009.*

During that time period, Forrest County had officer positions shift. Phillip Hendricks had recently moved from the Metro Narcotics Division to Chief Investigator. *Id.* at *CLT-(BAILEY)-000001-000009, 000285.* Nate Robertson moved from Patrol to Metro Narcotics. *Bailey Personnel File*, at *CLT-(BAILEY)-000253, 000286.* Mike Harris, who was also in patrol, had recently been moved to an investigations position. *Id. at CLT-(BAILEY)-000283-284.* Jaron Guy was sent to the police academy to fill Nate Robertson's position in the patrol division. Id. at *CLT-(BAILEY)-000283.* Additionally, DEA Supervisors would

13

not accept Plaintiff back to the HIDTA position, thus Forrest County had to briefly placed

Plaintiff back in patrol as they were short-staffed in that position.

Despite this, within a few weeks of Plaintiff's return, Forrest County placed

Plaintiff in a position of like seniority and status as an investigator.

> In the case of a person whose period of service in the uniformed
> services was for more than 90 days--
> (A) in the position of employment in which the person would
> have been employed if the continuous employment of such
> person with the employer had not been interrupted by such
> service, *or a position of like seniority, status and pay*, the duties
> of which the person is qualified to perform.

38 U.S.C.A. § 4313(emphasis added). As stated, Plaintiff was not given back his

HIDTA position through no fault of Forrest County. See *Sec. I & II*. At the meeting in

October 2018, GS Riley informed Plaintiff and Sheriff McGee that they did not want him

back. Since Metro officers work closely together with HIDTA officers and DEA personnel,

Forrest County could not put him back in an almost similar position that he had just been

removed from[6]. *Billy McGee Aff.*, ¶ 8-9. Moreover, Metro did not have a position available

as Nate Robertson had been recently promoted. *Id.* An ESGR called Billy McGee and

informed him that if no position in Metro was available, Plaintiff would like to be in

investigations. *Id.*

As such, Sheriff McGee agreed with Plaintiff's request and Plaintiff was put in that

position which was a similar position of like seniority, status, and pay as a Metro officer.

*Id.* at ¶ 10-11. Plaintiff was assigned to be a Criminal Investigator. *Id. Rafael Bailey Depo.*,

---

[6] Furthermore, Forrest County did not have a spot available as Nate Robertson had been promoted to
Metro.

37:16-18; *Statement of Mike Rials*. A metro officer is simply an investigator of narcotics while an investigator investigates all other crimes. *Billy McGee Aff.*, ¶ 10-11; *Phillip Hendricks Aff.*, ¶ 6. Essentially, officers in both positions are considered "investigators," however they are merely investigators of different crimes. *Id*.

Furthermore, Plaintiff admits that as an investigator he helped metro officers conduct surveillance on drug dealers, which is exactly the type of duties he had as a criminal investigator[7]. *Rafael Bailey Depo.*, p. 46.  Simply stated, Forrest County could not allow Plaintiff to be a Metro officer since he had just been removed from the HIDTA task force, there was no Metro position available, and Plaintiff asked to be placed in investigations, which was a position of like seniority, status, and pay.

## IV.   NO DAMAGES

Finally, Plaintiff has no damages. More specifically, Plaintiff seeks compensation pursuant to 38 U.S.C.A. § 4323 which requires compensation of any "loss of wages or benefits" suffered due to an "employer's failure to comply" with USERRA. 38 U.S.C.A. § 4323. The statute further states that an employer may pay Plaintiff that amount in "liquidated damages" if the failure to comply was willful.

Here, there has been no proof that the County "willfully" failed to reemploy Plaintiff pursuant to USERRA. In fact, the record is clear that as soon as Plaintiff requested to return to the Forrest County Sheriff's Department he was rehired and given a position he requested of like, seniority, status, and pay.

---

[7] Specifically, Plaintiff states that if he was just working for Metro he was just "doing surveillance." His arrest or seizure of drugs was considered part of his HIDTA. *Rafael Bailey Depo.*, p. 82:3-24.

A.      **Compensation & Benefits.**

Even if the Court found that the County violated USERRA, Plaintiff was paid the same compensation. *Bailey Personnel File,* at *CLT-(BAILEY)-000271*; *Rafael Bailey Deposition*, p. 62:25-63:1-8. Prior to Plaintiff's deployment his salary was $21.31/hr., which is reflected in Plaintiff's initial payroll action form upon Plaintiff's return from active duty.   The payroll action form reflects Plaintiff's prior rate of pay was $21.31/hr., however it was mistakenly changed to the base pay for a patrol officer - $17.36/hr. *Bailey Personnel File*, at *CLT-(BAILEY)-000049*. This error was quickly remedied and Plaintiff was returned to his salary of $21.31/hr., which Plaintiff admits is the same base pay as prior to his deployment. Id. at *CLT-(BAILEY)-000052*; *Rafael Bailey Deposition*, p. 62:25-63:1-8, 94:4-16. Thus, Plaintiff is not entitled to any backpay compensation since he was paid the same salary upon his return from deployment.

Furthermore, Plaintiff complains he does not receive overtime. First, Plaintiff admits that all Sheriff's deputies are eligible to receive overtime. *Rafael Bailey Depo*., p. 83:24-25-84:1-20. Additionally, though FCSO paid Plaintiff overtime, while working for HIDTA the County was reimbursed via the Mississippi Bureau of Narcotics & HIDTA. *Bailey Personnel File*, at *CLT-(BAILEY)-000095-000097*. This fact is further admitted by the Plaintiff that he received all his overtime payments via the HIDTA grant, acknowledging that "[t]he overtime would not come from the County. It would come from HIDTA." *Rafael Bailey Depo*., p. 83:19-20. Plaintiff states that even if he received overtime in his capacity as a "metro officer" it was rolled over to his HIDTA position. *Id*. at 83:2-12. If he worked overtime in his capacity as a "metro officer" he did not receive any overtime. *Id*.

Put simply, any overtime payment Plaintiff received, it was paid by HIDTA, not the County; thus, Plaintiff's request for the same is moot.

Finally, Plaintiff admits he is still given all the same benefits as he had when he was in HIDTA such as: (1) training; and (2) a police vehicle. *Rafael Bailey Depo.*, p. 70:20-25-72. Plaintiff admits he was given a county vehicle when he was in patrol and investigations. *Id*. Furthermore, Plaintiff's vehicle while on the HIDTA task force was paid for by the federal government, not the County. *Id*. Again, Plaintiff's request for any liquidated damages is moot.

### B. Promotion.

Plaintiff further alleges that he was "being groomed for" a promotion, but provides no competent evidence of the same. *Rafael Bailey Depo.*, p. 12:4-6.

"A service member reemployed in accordance with USERRA 'is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.'" *Gill v. Petroleum Co-Ordinators, Inc.*, No. 6:14-CV-02869, 2016 WL 4574169, at *10 (W.D. La. Aug. 31, 2016); 38 U.S.C. § 4316. This escalator principle only applies to those employers who have seniority systems. *Id*.

In the case at bar, Plaintiff merely asserts that Mike Rials told him he would be promoted; *Id*. at 12:8-20. However, Mike Rials has no authority over who is promoted in the Metro Police. *Billy McGee Aff.* ¶ 12.

The board for the Metro task force is comprised of Sheriffs and Chiefs of participating law enforcement agencies throughout the 12th Judicial District. *Id*. The Commander of the Metro task force is chosen by the President, but *must* be affirmed by the chief executors of the board, not an individual. *Id. Phillip Hendricks Aff.*, ¶ 7. Furthermore, during that time period, the Commander of Metro was typically alternated between a Forrest County officer and a Hattiesburg Police Officer. *Id*. In fact, when Phillip Hendricks was moved to head of investigations, Hattiesburg police officer, Greg Holliman was made Commander. *Id*.

Even if the Metro Police were an entity wholly controlled only by the Forrest County Sheriff's Office, Sheriff McGee never told Plaintiff he would be promoted to the Commander of Metro Police. *Id*; see also, *Rafael Bailey Depo.*, p. 13:2-4. Moreover, FCSO is not an entity that implements a seniority system. *Billy McGee Aff.*, ¶ 11. Officers are promoted and demoted based upon their job performance. *Id*. Thus, Plaintiff's mere assertion that he heard from Mike Rials he would be promoted is simply insufficient.

**C.**     **Return to Former Position.**

Finally, to the extent Plaintiff's request to be reinstated to his former HIDTA position, Forrest County has not control over the same. See *Sec. I*. Additionally, Plaintiff admits that he *voluntarily* went on in-state active duty at Camp Shelby for three (3) years from September 30, 2020-Sptemeber 20, 2023. *Rafael Bailey Depo.*, p. 75, 77; see also, *Deployment Papers*. Thus, any request to be returned to his former positions is moot.

## <u>CONCLUSION</u>

WHEREFORE PREMISES CONSIDERED for all the reasons stated herein, as well as in Defendants' Motion for Summary Judgment, Forrest County, Mississippi, Deputy Chey Sumrall, and Deputy Blake Bass respectfully request that this honorable court dismiss all claims against them.

**DATE:**       **December 7, 2020.**

Respectfully submitted,

**FORREST COUNTY, MISSISSIPPI**

BY:     */s/ Christina J. Smith* _____
        One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
CHRISTINA J. SMITH (MSB #105483)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  jmalone@aabalegal.com
Email:  csmith@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum in Support of Motion for Summary Judgment with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Louis H. Watson, Jr., Esq.
Nick Norris, Esq.
WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Email:  louis@watsonnorris.com
Email:  nick@watsonnorris.com

Brian J. Lawler, Esq. (*Pro Hac Vice*)
Robert T. Vorhoff, Esq. (*Pro Hac Vice*)
Pilot Law, P.C.
850 Beech Street, Suite 713
San Diego, CA 92101
Email:  blawler@pilotlawcorp.com
Email:   rvorhoff@vorhoff-legal.com
*Attorneys for Plaintiff*

This the 7th day of December, 2020.

/s/ Christina J. Smith
OF COUNSEL